UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MKB CONSTRUCTORS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN ZURICH INSURANCE COMPANY,<br><br>　　　　　Defendant. | CASE NO. C13-0611JLR<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

## I. INTRODUCTION

Before the court is MKB Constructors' ("MKB") motion for reconsideration (Mot. (Dkt. # 130)) of the court's September 29, 2014, order excluding MKB's use at trial of a supplemental damages computation that MKB did not disclose until after the discovery cutoff (Order (Dkt. # 129)). The court has considered the motion, the record, and the applicable law. Being fully advised, the court DENIES MKB's motion for reconsideration.

ORDER- 1

## II.  BACKGROUND

In a December 28, 2012, letter to Defendant American Zurich Insurance Company ("American Zurich"), MKB asserted a claim under its Builders Risk policy for the following specific items:

```
A. Contract Balance:                        $ 1,436,419.40    (Tab A)
B. Additional Foundational Materials:       $   669,508.99    (Tab B)
C. Incidental Costs:                        $   464,268.10    (Tab B)
   Markup & Overhead:                       $   208,880.62
   Policy Deductible (Earth Movement):      $  -100,000.00
   Legal and Professional Fee:              $          TBD
                                            $ 2,679,095.11
```

(7/22/14 Videa Decl. (Dkt. # 94) Ex. 40 at 2; 7/22/14 Mullenix Decl. (Dkt. # 92) Ex. 32 at 2.)  With respect to the $669,508.99 claimed for additional foundational materials, MKB originally calculated "that 4,773 tons of *extra* [gravel] fill, beyond plan quantities, had cost them that amount of money."  (*See* 8/27/14 Videa Decl. (Dkt. # 115) Ex. 10 (MKB Supp. Resp. to 1st Int.) at 8.)

In its May 31, 2013, Initial Disclosures, MKB identified the same costs as those listed in its December 28, 2012, letter.  (MKB Initial Disclosures (Dkt. # 115-6) at 5, 8 (Ex. A), 9 (Ex. C).)  During the course of discovery, MKB reconfirmed the foregoing damages computation at least twice.  (MKB Resp. to 1st Int. (Dkt. # 115-6) at 15 (". . . MKB has summarized and provided backup documentation for these costs before for American Zurich in MKB's initial disclosures and its December 28, 2012, claim submission . . . ."); *see also* 2/18/14 Jensen Dep. (Dkt. # 115-7) at 35:3-5.)

On June 5, 2014, MKB timely disclosed that the amount of earth settlement it intended to prove at trial was equivalent to "9,869 tons of [gravel] fill." (MKB Resp. to

ORDER- 2

3d Int. (Dkt. # 106-4) at 61-62.) Nowhere in this disclosure, however, does MKB indicate that its original damages computation had changed based on this new amount of alleged settlement. (*See id.*)

MKB did not supplement its damages computation until July 17, 2014, more than three weeks following the discovery cutoff and just five days before the dispositive motions deadline. (8/27/14 Videa Decl. Ex. 10 (MKB Supp. Resp. to 1st Int.) at 7-9.) At that time, MKB disclosed that it intended to assert a damages claim for $1,384,324.63. (*Id.*) The relationship between MKB's original damages computation and its revised computation was never clear in its discovery responses or in its original briefing in opposition to American Zurich's motion. (*See* Order at 6-9.) Nevertheless, MKB clarifies in its present motion for reconsideration that "the new calculation reduces the combined $1,436,419 and $669,509 amounts from the December 28 claims letter to a smaller claim for approximately $1.3 million." (Mot. at 2.)

On July 22, 2014, both MKB and American Zurich filed motions for summary judgment. (MKB SJ Mot. (Dkt. # 91); AZ SJ Mot. (Dkt. # 93).) American Zurich moved for summary judgment on each category of damages listed in MKB's original damages computation. (*See* AZ SJ Mot. at 12-18.) The court granted American Zurich's motion with respect to the $1,436,419 in withheld contract payments because undisputed evidence confirmed that MKB ultimately had received this amount from the owner of the project covered by the Builders Risk policy. (9/25/15 Order (Dkt. # 128) at 16-27.)

In the meantime, on August 27, 2014, American Zurich moved to exclude use of MKB's revised damages computation at trial on grounds that MKB had not timely

ORDER- 3

disclosed it.  (AZ Mot. (Dkt. # 115).)  On September 29, 2014, the court granted MKB's motion and pursuant to Federal Rule of Civil Procedure 37(c)(1) ordered that MKB is not allowed to use its untimely supplemental damages computation at trial.  (*See generally* Order.)  MKB now moves for reconsideration of that order.  (*See generally* Mot.)

### III.   ANALYSIS

Pursuant to the court's Local Rules, "[m]otions for reconsideration are disfavored."  Local Rules W.D. Wash. LCR 7(h)(1).  The court will ordinarily deny such motions in the absence of (1) "a showing of manifest error in the prior ruling" or (2) "a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."  *Id.*  MKB has not brought to the court's attention any new facts or legal authority that it could not have brought to the court's attention earlier and so the court concludes that MKB's motion is premised on "a showing of manifest error."  *See id.*  MKB fails to meet this standard as discussed below.

MKB argues that the court erred in its analysis of the amount of discovery that the court would need to reopen to mitigate the prejudice to American Zurich if the court were to allow MKB to proceed to trial on the basis of its untimely damages computation.  (Mot. at 1-3.)  MKB asserts that the court erred when it concluded that it would need to allow American Zurich to re-depose all of MKB's "earth sinking witnesses" (including Maria Kampsen, Bill Necheim, Andy Romine, and Tony Wilson).[1]  (Mot. at 1-3.)  MKB

---

[1] Indeed, based on MKB's discovery responses, the court concluded that it might be necessary to reopen even more depositions than just these four.  (*See* Order at 16 (referencing

ORDER- 4

argues that the testimony of these four individuals relates solely to MKB's assertion that the amount of earth settlement at the site is equivalent to 9,869 tons of gravel fill and not to MKB's revised damages computation. (Mot. at 1, 3.) MKB offers its reassurance that only Mark Jensen will address its revised damages computation, and thus, he is the only witness that American Zurich would need to re-depose. (*See id.* at 1-2.)

MKB's argument glosses over the fact that it is MKB's new assessment of the amount of earth settlement (9,869 tons of gravel) that serves as the gravamen for its untimely $1,384,324.63 revised damages computation. At the time that American Zurich deposed the witnesses at issue, MKB had not disclosed the relationship between its newly disclosed earth movement calculation and its damages computation. MKB's revised damages calculation lends a centrality to these witnesses' testimony that simply was not present prior to MKB's untimely disclosure. This is certainly American Zurich's view (*see* Mot. to Exclude (Dkt. # 115) at 10 ("The new claim [for $1,384,324.63] asserts that the only relevant fact is how much the gravel pad settled."), and the court cannot disagree. American Zurich's approach to these and other depositions, the amount of time and resources it spent preparing for these depositions, and even the questions it asked at these depositions, may have been significantly different had it known that the testimony of these witnesses would provide the lynchpin to MKB's revised damages computation. Thus, the court's conclusion that it would be required to permit American Zurich to re-depose these four and perhaps other witnesses to quell the prejudice to American Zurich

---

Steve Nourse and Richard Norman and citing 8/27/14 Videa Decl. Ex. 10 (MKB Supp. Resp. to 1st Int.) at 9).)

if the court were to permit MKB to proceed at trial on the basis of MKB's untimely damages computation is not in error.[2]

MKB also states that it "disagrees with the suggestion that MKB brought a new damage claim rather than a reduced one, and hopes that the Court will reconsider that conclusion . . . ." (Mot. at 1.) Whether MKB's revised damages computation represents a larger or a smaller damages claim, however, is irrelevant to the court's conclusion that MKB's revised and untimely damages computation must be excluded at trial. Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires "a party . . . to provide to the other parties . . . a computation of each category of damages claimed by the disclosing party . . . ." Fed. R. Civ. P. 26(a)(1)(A)(iii). Rule 26(e)(1) further requires that "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e)(1)(A). The Rule does not provide an exemption to its requirement for timely supplementation if the new computation reduces the overall amount of damages. *See generally* Fed. R. Civ. P. 26(e)(1). The Rule requires timely supplementation if the original computation becomes incomplete or incorrect "in some material respect." *Id.* Here, the disparity between MKB's original damages computation and its later untimely damages computation was material—irrespective of whether MKB's total claimed damages increased or decreased.

---

[2] Further, MKB never addresses how it would mitigate the harm caused to American Zurich by the fact that American Zurich has also been deprived of the opportunity to test MKB's untimely damages computation on summary judgment.

Indeed, the manner in which MKB is computing its damages has materially changed. Although MKB has never previously explained how its revised computation related to the original computation, MKB now admits that the revised $1,384,324.63 figure is intended to replace two portions of its original computation: (1) the $1,436,419.40 claim for withheld contract payments, and (2) the $669,508.99 claim for additional foundational materials. (*See* Mot. at 2 ("[T]he new calculation reduces the combined $1,436,419 and $669,509 amounts from the December 28 claims letter to a smaller claim for approximately $1.3 million.").) If so, then by revising its damages computation, MKB was in effect dropping its claim for the $1,436,419 in withheld contract payments all together, while increasing its claim for additional foundational materials by $714,815.64 ($1,384.324.63 minus $669,508.99).

This reality concerning MKB's revised computation becomes plain when one examines how MKB calculated the $1,384,324.63 figure. In its July 17, 2014, supplemental discovery response MKB states that that "[t]he number for additional foundational materials ($669,508.99) is . . . useful for calculating a unit price of the fill that was lost below original ground." (8/27/14 Videa Decl. Ex. 10 (MKB Supp. Resp. to 1st Int.) at 8.) MKB then uses the $669,508.99 figure to calculate a unit price of $140.27 per ton. (*See id.*) If you multiply this per ton price by the 4,773 tons of extra gravel fill that MKB originally claimed, you arrive at the $669,508.99 figure contained within its original damages computation. If, however, you multiply the $140.27 per ton price by the revised figure of 9,869 tons, then you arrive at MKB's new damages computation of $1, 384,324.63. Thus, MKB's untimely revised damages computation appears to have

been a stealthy means of dropping its claim for $1,436,419.40 in contract payments in favor of substantially increasing its claim for additional foundational materials.

Instead of demonstrating error in the court's ruling, these facts only confirm that MKB's untimely disclosure of its revised damages computation prejudiced American Zurich in a manner that cannot be remedied by simply reopening discovery. As noted above, a significant portion of American Zurich's motion for summary judgment was directed at MKB's claim for the contract balance of $1,436,419. The court devoted the lion's share of its order to an analysis of this claim and ultimately granted MKB's motion for summary judgment with respect to it. Not once in response to American Zurich's motion did MKB forthrightly state that the court need not consider this portion of American Zurich's motion for summary judgment because MKB was withdrawing that claim in favor of an analysis or computation that increased MKB's claim for additional foundational materials from $669,508.99 to $1,384,324.63. (*See generally* MKB SJ Resp. (Dkt. # 107).) If the court were to allow MKB to go to trial based on its untimely revised damages computation, then all of the time and resources that American Zurich spent on the portion of its summary judgment motion regarding MKB's claim for the $1,436,419 contract balance, and all of the court's time and resources spent in considering and deciding that portion of the motion, would be for naught. Further, MKB would largely avoid the effects of the court's ruling as well. After all, its revised damages computation essentially withdraws the claim that the court dismissed on summary judgment, but replaces it with a significantly larger claim for additional

foundational materials—a claim which American Zurich has not had an opportunity to challenge in a dispositive motion.

As the court stated in its September 29, 2014, order, "[i]n the absence of any explanation from MKB as to why it failed to adhere to its [Federal] Rule [of Civil Procedure] 26(e) obligations to provide timely supplementation of its damages computation, the court is forced to conclude that MKB's failure was willful." (Order at 15.) The court is loath to conclude that the obscurity in MKB's discovery responses and briefing concerning the specific relationship between its original damages computation and its revised computation was also deliberate, but it is tested in that resolve by MKB's puzzling conduct here. Rule 26(a) and (e) are designed to prevent parties from shielding their damages computation from the crucible of discovery by requiring disclosure "without awaiting a discovery request" and then requiring timely supplementation. Fed. R. Civ. P. 26(a)(1)(A)(iii), (e)(1). If the court were to permit the type of conduct that MKB has engaged in here, then litigants would be free to obscure the nature of their damages computation until just days before the summary judgment phase of proceedings or even later, and then produce an entirely new theory or computation without affording the opposing party the opportunity for adequate discovery. The Federal Rules of Civil Procedure are not mere guidelines. They are rules to which the court expects that the parties appearing before it will adhere. Parties, like MKB, fail to do so at their peril.

## IV. CONCLUSION

Based on the foregoing, the court concludes that MKB has failed to demonstrate that the court's September 29, 2014, order was "in manifest error." *See* Local Rules

ORDER- 9

W.D. Wash. LCR 7(h)(1).  Accordingly, the court DENIES MKB's motion for reconsideration (Dkt. # 130).

Dated this 2nd day of October, 2014.

JAMES L. ROBART
United States District Judge

ORDER- 10